UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

GEORGE MANDERS,

    Petitioner,

v.                                      CASE NO. 6:10-cv-1329-Orl-31GJK
                                           (6:05-cr-173-Orl-31GJK)

UNITED STATES OF AMERICA,

    Respondent.
_____

**<u>ORDER</u>**

This case involves a motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 filed by George Manders (Doc. No. 1). The Government filed a response to the section 2255 motion in compliance with this Court's instructions and with the *Rules Governing Section 2255 Proceedings for the United States District Courts*. (Doc. No. 8). Petitioner filed a response to the reply (Doc. No. 12).

Petitioner alleges two claims for relief, however, as discussed hereinafter, the Court finds that the motion to vacate, set aside, or correct sentence is untimely and must be denied.

*I.    Background*

Petitioner was charged by information with one count of knowingly receiving and distributing child pornography in violation of 18 U.S.C. § 2252(a)(2)(A) & (b)(1) (Criminal Case No. 6:05-cr-173-Orl-31GJK, Doc. No. 9).[1] On November 23, 2005, Petitioner entered

---

[1] Criminal Case No. 6:05-cr-173-Orl-31GJK will be referred to as "Criminal Case."

into a guilty plea to the charge (Criminal Case Doc. Nos. 30 & 65). The Court conducted a sentencing hearing on February 15, 2006, and sentenced Petitioner to a 240-month term of imprisonment to be followed by five years of probation (Criminal Case Doc. No. 38). On February 16, 2006, this Court entered a Judgment in the criminal case (Criminal Case Doc. No. 42). Petitioner appealed (Criminal Case Doc. Nos. 43 & 51), and the appeal was voluntarily dismissed by Petitioner on June 6, 2006 (Criminal Case Doc. No. 58).

## II. *Petitioner's Section 2255 Motion is Untimely*

Pursuant to 28 U.S.C. § 2255, the time for filing a motion to vacate, set aside, or correct a sentence is restricted, as follows:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of –
>
> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively application to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255. The Government contends that Petitioner's motion is subject to dismissal because it was not timely filed under the one-year limitation of section 2255.

Petitioner appealed his conviction but voluntarily dismissed the appeal before the Eleventh Circuit Court of Appeals considered the case. The Eleventh Circuit has not

addressed the issue of when a conviction becomes final after a direct appeal is voluntarily dismissed. *See Baskin v. United States*, No. 8:10-cv-1721-T-24TBM, 2011 WL 794821, at *1 (M.D. Fla. Mar. 1, 2011). However, some federal district courts have ruled that when a criminal defendant files a direct appeal and later voluntarily dismisses that appeal, the judgment is deemed final 90 days after the dismissal of that appeal. *See United States v. Reed*, No. 3:08cr20/MCR, 2011 WL 2038627, at *3 (N.D. Fla. Apr. 4, 2011); *Baskin*, 2011 WL 794821, at *1; *Lehet v. United States*, No. 8:03-cv-297-T-17TGW, 2007 WL 186801, at *1 (M.D. Fla. Jan. 22, 2007).[2]

In the present case, the appellate court entered its order dismissing Petitioner's appeal on June 6, 2006. Petitioner then had ninety days, or through September 4, 2006, to petition the Supreme Court of the United States for a writ of certiorari. *See* Sup. Ct. R. 13.[3] Thus, the judgment of conviction became final on September 4, 2006. *Clay v. United States*,

---

[2]Regardless of whether the Court construes the conviction as final ten days after the entry of judgment or 90 days after the dismissal of the appeal, the section 2255 motion was filed almost three years beyond the one-year limitations period.

[3]Rule 13 provides as follows:

> The time to file a petition for a writ of certiorari runs from the date of entry of the judgment or order sought to be reviewed, and not from the issuance date of the mandate (or its equivalent under local practice). But if a petition for rehearing is timely filed in the lower court by any party, the time to file the petition for a writ of certiorari for all parties (whether or not they requested rehearing or joined in the petition for rehearing) runs from the date of the denial of the petition for rehearing or, if the petition for rehearing is granted, the subsequent entry of judgment.

Sup. Ct. R. 13(3).

537 U.S. 522, 525 (2003) (stating "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction."). Because Petitioner's judgment of conviction became final on September 4, 2006, he had through September 4, 2007, to file a section 2255 motion in this case. Petitioner's motion was not filed until August 23, 2010. *See Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (*pro se* prisoner's section 2255 motion is deemed filed the date it is delivered to prison authorities for mailing which, absent evidence to the contrary, will be presumed to be the date the document was signed by the prisoner). Accordingly, Petitioner § 2255 motion was untimely filed.

### III. *Equitable Tolling*

Equitable tolling is appropriate when a prisoner demonstrates both extraordinary circumstances that prevented him from timely filing his motion to vacate and due diligence. *Foley v. United States*, 420 F. App'x 941, 942 (11th Cir. 2011) (citing *Diaz v. Sec'y of Dep't of Corr.*, 362 F. 3d 698, 702 (11th Cir. 2004) and *Holland v. Florida*, 130 S.Ct 2549 (2010)). Petitioner appears to argue that he is entitled to equitable tolling because he has no legal training and suffers from mental health impairments.

The Court finds that Petitioner has not demonstrated that an extraordinary circumstance prevented him from timely filing his motion to vacate, set aside, or correct sentence. In *Hunter v. Ferrell*, 587 F.3d 1304 (11th Cir. 2009), the Eleventh Circuit held that a person with a substantial mental illness, such as mental retardation, may be granted equitable tolling of the one-year period for filing a federal habeas petition. In order to avail

4

oneself of equitable tolling, a prisoner must present sufficient evidence to create a factual issue as to whether there is a casual connection between the prisoner's mental incapacity and his ability to timely file a habeas petition. *Id.*; *see also Mendez v. United States*, Nos. 2:10-cv-198-FTM-29DNF, 2:06-cr-82-FTM-29DNF, 2011 WL 5555876, at *6-7 (M.D. Fla. Oct. 27, 2011).

During the plea colloquy held on November 23, 2005, Petitioner told the Court that he suffered from post-traumatic stress disorder ("PTSD") (Criminal Case Doc. No. 63 at 6). Petitioner stated that he was taking medication for his PTSD. *Id.* Petitioner also stated that his mental health problems did not affect his ability to think, concentrate, or make decisions. *Id.* at 7. Petitioner stated that while he did have short-term memory problems, he understood what he was doing and what was happening. *Id.* at 8. Additionally, Petitioner attached mental health records from the Federal Bureau of Prisons to his motion to vacate, set aside, or correct sentence. These documents suggest that while Petitioner receives medication for PTSD, he does not manifest any psychotic symptoms and that his mental state has been stable and "unremarkable" from April 2006 through August 2009 (Doc. No. 1 at 21-35). Because Petitioner has been on medication since April 2006 and has not presented any remarkable symptoms of a mental health illness, Petitioner has not demonstrated that there is a causal connection between his mental health and his ability to file a motion to vacate prior to August 23, 2010. Thus, Petitioner is not entitled to equitable tolling on this basis.

5

Moreover, factors such as a petitioner's lack of education or legal training, incarceration, and pro se status are not considered extraordinary circumstances that would excuse an untimely federal habeas petition. *See Garcia-Arrieta v. United States*, Nos. 8:05-cr-385-T-17TBM, 8:11-cv-40-T-17TBM, 2011 WL 2563084, at *3 n. 1 (M.D. Fla. June 28, 2011) (citing *Raspberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004); *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000); *Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000)); *Hurtado v. United States*, Nos. 8:07-cv-1385-T-30EAJ, 8:04-cr-545-T-30EAJ, 2007 WL 3197523, at *1 (M.D. Fla. Oct. 26, 2007). Accordingly, the Court finds that Petitioner's pro se status and lack of education, without more, are insufficient to warrant equitable tolling. Therefore, the one-year limitations period ran on September 4, 2006, and Petitioner's motion to vacate, set aside, or correct sentence is untimely and must be denied.

Any of Petitioner's allegations that attempt to excuse his failure to file the instant motion within the one-year period of limitation and that are not specifically addressed herein have been found to be without merit.

Accordingly, it is hereby **ORDERED** and **ADJUDGED**:

1. The motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) filed by George Manders is **DENIED**, and this case is **DISMISSED** with prejudice.

2. The Clerk of the Court shall enter judgment accordingly and is directed to close this case.

3. The Clerk of the Court is directed to file a copy of this Order in criminal case number 6:05-cr-173-Orl-31GJK and to terminate the motion to vacate, set aside, or correct an illegal sentence pursuant to 28 U.S.C. § 2255 (Criminal Case Doc. No. 61) pending in that case.

4. This Court should grant an application for certificate of appealability only if the Petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c). Petitioner has failed to make a substantial showing of the denial of a constitutional right.[4] Accordingly, a certificate of appealability is **DENIED** in this case.

**DONE AND ORDERED** at Orlando, Florida this 10th day of January, 2012.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies to:
OrlP-3 1/10
George Manders
Counsel of Record

---

[4]Pursuant to the *Rules Governing Section 2255 Proceedings for the United States District Court*, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2255 Proceedings, Rule 11, 28 U.S.C. foll. § 2255.